**Nikita PETTIES, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**No. CIV.A. 95–0148(PLF).**

United States District Court, District of Columbia.

May 20, 2003.

Eugene R. Fidell, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, James Feldesman, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Tanya Ann Harvey, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Melissa McKeithen Thomson, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Khatereh S. Ghiladi, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Beth Goodman, Goodman & Johnson, Washington, DC, Bradford Paul Johnson, Goodman & Johnson, Washington, DC, Patricia Anne Millerioux, University Legal Services, Inc., Protection and Advocacy Program, Washington, DC, Elizabeth A. Greczek, University Legal Services, Inc., Protection and Advocacy Program, Washington, DC, Kelly R. Bagby, University Legal Services, Inc., Protection and Advocacy Program, Washington, DC, David Patrick Sheldon, Washington, DC, Jesse D. Stein, University Legal Services, Inc., Washington, DC, for Nikita Shonta Petties, Plaintiff.

Eugene R. Fidell, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, James Feldesman, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Tanya Ann Harvey, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Melissa McKeithen, Thomson, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Barbara A. Miller, Birch, Horton, Bittner & Cherot, Washington, DC, Beth Goodman, Goodman & Johnson, Washington, DC, Bradford Paul Johnson, Goodman & Johnson, Washington, DC, David Patrick Sheldon, Washington, DC, Jesse D. Stein, University Legal Services, Inc., Washington, DC, for Judy Ann Martin, Plaintiff.

Eugene R. Fidell, James Feldesman, Tanya Ann Harvey, Melissa McKeithen, Feldesman, Tucker, Leifer, Fidell & Bank,

LLP, Beth Goodman, Goodman & Johnson, Patricia Anne Millerioux, Elizabeth A. Greczek, University Legal Services, Inc., Protection and Advocacy Program, David Patrick Sheldon, Jesse D. Stein, University Legal Services, Inc., Washington, DC, for Susan Zelaya, Elvamarie Zelaya, Andrew Falk, Anne Falk, Gary Falk, Camille Farrow, Tyrone Farrow, Shirley Farrow, Benjamin Javits, Joshua Javits, Sabina Javits, Vanessa Steck, Bob Steck, Sarah Steck, Plaintiffs.

Beth Goodman, Goodman & Johnson, Washington, DC, Elliot Denbo Andalman, Andalman & Flynn, Silver Spring, MD, Daniel Adlai Katz, Andalman & Flynn, Siver Spring, MD, Lisae C. Jordan, Washington, DC, for All Plaintiffs, Plaintiff.

Andrew W. Racca, Steptoe & Johnson, LLP, Barbara A. Miller, Birch, Horton, Bittner & Cherot, Richard Stuart Love, Maria Claudia Amato, Jack M. Simmons, III, Robert C. Utiger, Garland Pinkston, Jr., Claude E. Bailey, Melvin Bolden, Jr., Jonathan F. Potter, Office of Corporation Counsel, DC, Laurel Pyke Malson, Crowell & Moring, LLP, Washington, DC, Michael Edward Zielinski, Social Security Administration Office of Hearings and Appeals, Long Beach, CA, Karen Ann Buck, Alexandria, VA, Walter A. Smith, Jr., Cathye Hopkins, DCPS General Counsel, Daniel A. Rezneck, Office of Corporation Counsel, DC, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, Grace Perry-Gaiter, District of Columbia Public Library, Washington, DC, for District of Columbia, Franklin L. Smith, B. Garnett Pinkney, Defendants.

Robert C. Utiger, Office of Corporatin Counsel, DC, Washington, DC, Laurel Pyke Malson, Crowell & Moring, LLP, Washington, DC, for All Defendants, Defendant.

Elise T. Baach, Washington, DC, for Elise T. Baach, Special Master.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This action is before the Court for consideration of the Request of the Special Master for an Order Requiring Defendants to Produce Information ("Request"). In the Request, the Special Master informed the Court that defendants are not complying with the Opinion and Order of Reference issued on July 8, 1997, and delineated three specific requests for information that the defendants failed to provide on a timely basis: (1) information regarding the policy and practice of the District of Columbia Public Schools ("DCPS") with respect to the removal of students from the transportation roster during the 2002–2003 school year in order to investigate the "dropping" of over 200 students in one week in January 2003; (2) information regarding the January 2003 "walkout" of bus drivers responsible for more than half the students transported; and (3) information concerning the defendants' proposed closure of certain objectives established in the Exit Plan entered in this action. *See* Request at 2–5.

The defendants responded to the Request with a variety of excuses for the failure of DCPS to provide the information requested on a timely basis, including miscommunication among defendants' counsel resulting from their focus on other active issues in this and related special education matters before this Court, and what DCPS perceived as unclear or incomplete requests on the part of the Special Master. *See* Response to Request of the Special Master for an Order Requiring Defendants to Produce Information ("Defs.' Resp.") at 5 n. 6, 3 n. 3.

The plaintiffs also responded to the Request, seconding the Special Master's con-

cerns and raising two additional issues. First, plaintiffs assert that the defendants have failed to disclose the existence of and to provide information concerning what plaintiffs characterize as the defendants' multi-year cost savings program that threatens class members' transportation and due process rights. *See* Plaintiffs' Response in Support of the Request of the Special Master *for an Order* Requiring Defendants to Produce Information at 10–12. Second, plaintiffs charge that the defendants are not complying with the Court's Order of October 11, 2002 that directs defendants to provide to plaintiffs' counsel information that concerns payments to private providers of special education services. *See id.* at 13. The defendants replied to plaintiffs' response, indicating that DCPS has provided the Special Master with the information she has requested and arguing that plaintiffs' response went beyond the scope of the issues currently before the Court. *See* Defendants' Reply to Plaintiffs' Response in Support of the Request of the Special Master *for an Order* Requiring Defendants to Produce Information.[1]

The Special Master recently informed the Court that she now has received the information she asked for in the Request. While this may eliminate the need for the Court to consider contempt or other sanctions in order to ensure that the Special Master receives the information to which she is entitled, the provision of the information in an untimely and piecemeal manner is of great concern. So is the amount of time, effort and money expended in litigating this matter. Paragraph 3 of the July 8 Order states that "the Special Master shall have the full cooperation of the parties and their counsel, who shall *promptly* provide any and all documentation and information requested by the Special Master, whether requested orally or in writing, and in whatever form requested, and shall afford the Special Master full access to the parties, including DCPS, DHS and other necessary District of Columbia officials, staff, facilities, records and documents." Order of July 8, 1997 ¶ 3 (emphasis added). The purpose of this provision is to make sure that the Special Master promptly receives all information she needs *without* Court intervention, to eliminate unnecessary litigation, and to provide the statutorily required special education and related services to those children entitled to such services as promptly as possible.

If the defendants find a request by the Special Master ambiguous or unclear in scope, the onus is on defendants to contact the Special Master promptly for clarification, other responsibilities of the management of this and related actions notwithstanding. Miscommunication among defense counsel is not a legitimate excuse for failure to follow the Orders of the Court in a timely fashion. Prompt and full compliance with Paragraph 3 of the Opinion and Order of Reference of July 8, 1997 is crucial to the efficient resolution of the matters referred to the Special Master by the Court. It should not take multiple requests on the part of the Special Master to gain from defendants the information she requires and to which she is entitled this Court's Orders. Accordingly, it is hereby

ORDERED that defendants and their in-house and outside counsel shall review

---

1. The Court agrees with defendants that the two new issues raised by plaintiffs are beyond the parameters of the Special Master's Request. Nevertheless, defendants are under an obligation to provide the plaintiffs in a timely and comprehensive manner with all information the defendants are required to provide pursuant to the Court's orders or by agreement of the parties.

the Opinion and Order of Reference of July 8, 1997, and fully comply with each provision therein, or risk sanction by the Court.

SO ORDERED.